

THE ATTORNEY GENERAL
OF TEXAS

AUSTIN, TEXAS 78711

August 26, 1964

WAGGONER CARR
ATTORNEY GENERAL

Affirmed by C-690

Reaffirms V-971

Dr. M. T. Harrington
Chancellor
Texas A&M University System
College Station, Texas

Opinion No. C-301

Re: Is a city building code ap-
plicable to construction, as
well as to the installation
therein of electrical and
plumbing facilities, of build-
ings on State college or uni-
versity land (State-owned)
located within the city's
boundaries?

Dear Dr. Harrington:

You have requested the opinion of this office as to
the question of whether a city building code is applicable to
the construction, as well as to the installation therein of
electrical and plumbing facilities, of buildings on State col-
lege or university land (State-owned) located within the city's
boundaries. In your letter of request, you state that diffi-
culties have arisen with the cities of Galveston and Arlington
over this question, in that these cities contend that their
building code requirements should be observed for buildings be-
ing constructed or renovated by the Texas A&M University System.

The building at Arlington is being constructed under
the authority of Article 2909c, Vernon's Civil Statutes, which
is quoted in part as follows:

"Sec. 2. The buildings and structures
and additions to buildings and structures
constructed or improved pursuant to this au-
thority together with the equipment therein
shall be of types and for purposes which the
authorizing governing board shall deem appro-
priate and shall deem to be for the good of
the institution, provided such governing board
shall approve the total cost, type, and plans
and specifications of such construction, im-
provement and equipment; . . ." (Emphasis added).

-1434-

The building at Galveston houses the Texas Maritime Academy, as well as laboratories and research facilities of the Department of Oceanography and Meteorology. This building was transferred to the Board of Directors of Texas A&M University by the U.S. Department of Health, Education and Welfare. A portion of this building is occupied as a classroom. The work being done on the building constitutes general repair and rehabilitation undertaken under the authority of Article 2613a-1, Vernon's Civil Statutes, and is financed by specific appropriation of the Legislature. Article 2613a-1, Vernon's Civil Statutes, reads in part as follows:

"Section 1. The Board of Directors of the Agricultural and Mechanical College of Texas is hereby authorized to contract with persons, firms or corporations for the purchase of, or the acquisition of, or the erection of permanent improvements on or conveniently located in reference to the campus of said College, or to the campuses of any or all of its branch institutions, and to purchase, sell, or lease lands and other appurtenances for the construction of such permanent improvements . . .

" . . .

"Sec. 7. The Board of Directors is hereby empowered to do any and all things necessary and/or convenient to carry out the purpose and intent of this law."

Attorney General's Opinion No. V-977 (1949) was directed to just such a situation as we are dealing with here. In that opinion it was held that the provisions of a city building code setting up certain plumbing standards, are not applicable to regulate construction of buildings by the State on State property within the city limits. Attorney General's Opinion V-977 (1949) was exhaustively researched and constitutes a treatise on United States law on this subject, since there was no Texas case dealing with the problem at that time.

In 1964, the Texas Supreme Court, in Port Arthur Independent School District vs. City of Groves, ___ Tex. ___, 376 S.W. 2d 330, handed down another detailed examination of the subject here in question. This case involved the problem of whether a school district was subject to a city's building code in the construction of school buildings. The Supreme Court determined that the school district was indeed subject to the city's authority. In reaching this conclusion, the Court, at page 333, made the following observations:

" . . . Although our independent school districts are creatures of the state and receive substantial funds for their operation from the state, they are independent political entities and we will not classify their property as state property. The Legislature in its wisdom has vested the local school board with broad powers and we know of no state which allows more control of its local schools to the local people than does the State of Texas. The Legislature, in providing that local school boards shall contract for the erection of school buildings and superintend the construction of same, made no provision whatsoever that they should regulate, supervise or control in any manner the building of school buildings and provided no safety regulations for the protection of the occupants or the property of others in the vicinity of the school buildings." (Emphasis added).

From the foregoing, it can readily be seen that the Supreme Court drew a distinction between action by the State concerning State property, and that which is essentially local action and local property. In the out-of-state cases upon which the Supreme Court based its decision, the same distinction was drawn, and similar results were reached. These are the same cases utilized in Attorney General's Opinion No. V-977 (1949), and the same results were reached in regard to State property.

Article 2909c, Vernon's Civil Statutes, quoted in part above, gives to the Board of Directors of the Texas A&M University System full power to regulate, supervise and control in all ways the building of any structure, other than a classroom building. Article 2613a-1, Vernon's Civil Statutes, also quoted above, in more general language conveys the identical authority to the said Board of Directors. Such general statutes preempt the provisions of a city's charter. Further, it is clear that the Board of Directors of the Texas A&M University System are not a separate political entity in the nature of a school board, but they constitute a Board that is a direct agency of the Executive Branch of State government. The property of the Texas A&M University System is not local property in any way but is the property of the State of Texas, and is not amenable to the jurisdiction of a city.

Therefore, in consideration of the aforementioned authorities, it is the opinion of this office that Attorney General's Opinion No. V-977 should be reaffirmed in its holding that the provisions of a city's building code, requiring building permits and compliance with city-established plumbing and electrical

standards, are not applicable to construction or renovation of buildings by the State on State property within the city limits.

### SUMMARY

The provisions of a city building code requiring building permits and compliance with city-established plumbing and electrical standards, are not applicable to construction of buildings by the State on State property within the city limits, where general law has vested control and supervision responsibility for such construction in the State agency.

Yours very truly,

WAGGONER CARR
Attorney General

By _Malcolm L. Quick_
Malcolm L. Quick
Assistant

MLQ:ms

**APPROVED:**

**OPINION COMMITTEE**

W. V. Geppert, Chairman
Paul Phy
John Allison
Larry Merriman
Jerry Brock

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone